IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DENNIS RUSSELL HOOPER,

               Plaintiff,            Civ. No. 11-3141-CL

                                      **ORDER**

     v.

CASCADE MANAGEMENT d/b/a
SOUTHERN OREGON AFFORDABLE
RENTALS, INC.,

               Defendant.

---

**PANNER, J.**

   *Pro Se* plaintiff moves for a Temporary Restraining Order

prohibiting defendant from initiating eviction proceedings. The

Ninth Circuit has described the standards for deciding whether to

grant a motion for a preliminary injunction:

> To obtain a preliminary injunction, the moving
> party must show either (1) a combination of probable
> success on the merits and the possibility of
> irreparable injury, or (2) that serious questions are
> raised and the balance of hardships tips sharply in its
> favor.  These formulations are not different tests but

1 - ORDER

represent two points on a sliding scale in which the
degree of irreparable harm increases as the probability
of success on the merits decreases.  Under either
formulation, the moving party must demonstrate a
significant threat of irreparable injury, irrespective
of the magnitude of the injury.

Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.,

868 F.2d 1085, 1088 (9th Cir. 1989) (citations omitted). The

speculative risk of a possible injury is not enough; the

threatened harm must be imminent. Caribbean Marine Services Co.,

Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Fed. R. Civ.

Proc. 65(b)(1)(A). The standards for issuing a temporary

restraining order are similar to those required for a preliminary

injunction.  Lockheed Missile & Space Co., Inc. v. Hughes

Aircraft Co., 887 F.Supp. 1320, 1323 (N.D. Ca. 1995).

     Plaintiff fails to demonstrate a threat of imminent harm.

Plaintiff states that in November 2011, defendant initiated

eviction proceedings that were ultimately unsuccessful. Plaintiff

apparently seeks to prevent defendant from initiating future

eviction proceedings. Indeed, plaintiff only states he "is under

the threat of another eviction slated to commence in December,

2011." (Memo. in Support of TRO, 2.) It is not clear if defendant

intends to proceed with future eviction proceedings.

Additionally, it is unclear why plaintiff cannot raise the issues

he raises in support of his request for a TRO during those future

eviction proceedings, should they occur.

     Plaintiff's motion for a Temporary Restraining Order (#8) is

2  - ORDER

DENIED at this time. Because plaintiff has not demonstrated an imminent threat of harm, I do not inquire into the merits of the underlying claims in plaintiff's complaint. Any such inquiry will be conducted by Magistrate Judge Clarke.

IT IS SO ORDERED.

DATED this _____ day of December, 2011.

OWEN M. PANNER
U.S. DISTRICT JUDGE

3  - ORDER